**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| CRAIG SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-367 |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

COMES NOW Plaintiff, CRAIG SCOTT, by and through his attorneys, Weilmuenster, Keck & Brown, P.C., and for his Complaint against the Defendant, THE UNITED STATES OF AMERICA, states as follows:

1. That this Court has exclusive jurisdiction over this matter, pursuant to 28 U.S.C. § 1346(b), as this matter involves a claim for money damages against the United States for the personal injuries caused by the negligent acts and omissions of government agents and/or employees while acting within the scope of their employment.

2. That venue is proper, pursuant to 28 U.S.C. § 1346(b), as the incident at issue occurred in St. Clair County, Illinois, within the Southern District of Illinois.

3. That Plaintiff timely presented his Federal Tort Claim Act claim with the U.S. Department of Air Force ("Air Force") on or about March 12, 2019.

4. That at all times relevant to this cause of action, the Defendant, THE UNITED STATES OF AMERICA, by and thorough the Air Force and its agents and/or employees, was a provider of medical care and treatment, including certain care and treatment rendered within the SAFB Military Family Medicine Clinic ("military clinic").

5. That for purposes of claims arising under the Federal Tort Claims Act, the SAFB Family Medicine Clinic was a medical facility owned and/or operated by the United States of America.

6. That Plaintiff presented to Memorial Hospital Emergency Department on March 31, 2015, with complaints of right lower extremity pain.

7. That during that visit Plaintiff underwent a radiographic study of his right toe; furthermore, Plaintiff underwent studies of his circulatory system in his lower right extremities on April 4, 2015.

8. That certain medical records and reports of Plaintiff's treatment and condition were to be sent to plaintiff's primary care provider, Erynn Elleby, M.D.

9. That from at least March to April, 2015, Dr. Elleby was a medical care provider rendering medical care within the Belleville Family Health Center.

10. That upon information and belief, Memorial Hospital faxed, transmitted, and/or delivered Plaintiff's medical records and/or reports to fax number (618) 641-5812. These reports included an arterial Doppler report with an abnormal finding faxed to (618) 641-5812 on April 5, 2015.

11. That these records and reports which Memorial Hospital faxed to fax number (618) 641-5812 were to be directed to Dr. Elleby.

12. That upon information and belief, in March and April, 2015, fax number (618) 641-5812 was assigned to, associated with, and/or utilized by the military clinic.

13. That upon information and belief, in March and April, 2015, fax number (618) 641-5812 was assigned to, associated with, and/or utilized by the medical area within the military clinic.

14. That upon information and belief, Plaintiff's medical records and reports sent by Memorial Hospital in March and April, 2015, were received by Defendant.

15. That upon information and belief, fax number (618) 641-5812 was not assigned to, associated with, and/or utilized by the Belleville Family Health Center and/or Dr. Elleby for the receipt of medical records and reports of patients of the Belleville Family Health Center.

16. That these records and reports were not received by the Belleville Family Health Center and/or Dr. Elleby.

17. That at all relevant times herein, including the dates which Defendant received medical records and/or reports of Plaintiff's treatment and condition, Plaintiff was not a patient of Defendant's military clinic.

18. That upon information and belief from at least 2013 to 2015, Defendant received hundreds of medical records and/or reports directed to Dr. Elleby.

19. That upon information and belief, at no time prior to April 5, 2015, did the Air Force notify, inform, and/or advise the Belleville Family Health Center, Dr. Elleby and/or Memorial Hospital of the receipt of medical records or reports directed to Dr. Elleby.

20. That in June of 2015, Plaintiff was diagnosed with nonfilling of the anterior tibial artery, and in July of 2015, Plaintiff underwent a partial amputation of his right leg.

21. That at all relevant times, Defendant owed a duty of reasonable care to Plaintiff.

22. That upon information and belief, Defendant by and through its agents, servants, and/or employees failed to take any action regarding the receipt of records and/or reports of Plaintiff's condition and/or treatment, including but not limited the abnormal results of Plaintiff's venous duplex scan and arterial Doppler from Memorial Hospital.

23. That Defendant, by and through its agents, servants, and/or employees, breached its duty of care owed to Plaintiff by committing one or more of the following acts or omissions of negligence:

   a. Failing to timely and properly handle, maintain, and/or take appropriate action on Plaintiff's medical records and reports received from Memorial Hospital;
   b. Failing to timely and properly notify and/or communicate with Plaintiff regarding the receipt of his medical records and reports;
   c. Failing to timely and properly communicate and/or coordinate care with Plaintiff's treatment providers, including but not limited to Memorial Hospital, Belleville Family Health Center, and/or Dr. Elleby and/or other providers rendering care within the Belleville Family Health Center; and/or
   d. Otherwise failing to act in a reasonable prudent manner following the receipt of Plaintiff's medical records and/or reports.

24. That as a direct and proximate result of Defendant's negligence, Plaintiff's condition went diagnosed and untreated, deteriorated, and Plaintiff underwent a partial amputation of his right leg in July of 2015.

25. That as a direct and proximate result of one or more of the aforesaid acts or omissions of negligence on part of this Defendant, the Plaintiff sustained severe and permanent injuries to various parts of his body, including, but not limited to, the partial loss of Plaintiff's right leg, thereby resulting in the following items of damages:

   a. Past and future pain and suffering, both physical and mental;
   b. Past and future medical expenses;
   c. Disability and/or loss of a normal life;
   d. Disfigurement.

26. That at no time at least prior to September 14, 2018, did Plaintiff know or have reason to know of the Air Force's receipt of Plaintiff's medical records and reports or its involvement in Plaintiff's care; accordingly, Plaintiff neither knew nor had reason to know of a potential government-related cause of his injury on the part of the Air Force.

27. That to the extent that it may be applicable to this action, pursuant to 735 ILCS 5/2-622(2), an affidavit of counsel is attached setting forth that the undersigned was unable to obtain a consultation required by 735 ILCS 5/2-622(1), because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. (See Exhibit A.)

WHEREFORE, Plaintiff, Craig Scott, prays judgment against Defendant The United States of America, in a sum reasonable and equitable and in excess of Seventy-Five Thousand Dollars and 00/100 ($75,000.00), plus cost of suit and for any other and further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**WEILMUENSTER, KECK & BROWN, P.C.**

By:  /s/ Nathaniel O. Brown
      J. Michael Weilmuenster
      IL No: 06197044
      Nathaniel O. Brown
      IL No: 6302492

Attorneys for the Plaintiff
3201 West Main Street
Belleville, Illinois 62226
(618) 257-2222 – Phone
(618) 257-2030 - Fax